## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

FILED
DISTRICT COURT

2013 NOV 18 P 4: 03

CLERK _____
SO. DIST. OF GA.

BENNIE SAMS, JR.,         )

        Petitioner,      )      CIVIL ACTION NO.: CV213-111

        v.          )

UNITED STATES OF AMERICA,    )      (Case No.:  CR209-49)

        Respondent.    )

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Bennie Sams ("Sams") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The United States of America filed a Motion to Dismiss. Sams filed a Response. For the reasons which follow, the United States' Motion should be **GRANTED**.

### STATEMENT OF THE CASE

Sams was convicted, after pleading guilty, of possession of a quantity of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(C). This Court sentenced Sams to 200 months' imprisonment. Sams filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence on November 14, 2011. (Doc. No. 3, p. 1).

Sams asserts that his trial counsel was ineffective because his counsel failed to: object during the Rule 11 proceedings; object to the Pre-Sentence Investigation Report; argue for a downward departure; and perfect the record or preserve issues for appeal. Sams also asserts that he was subjected to increased punishment based on facts which

were not alleged in the indictment, admitted to, submitted to a jury, or proven beyond a reasonable doubt. The United States contends that Sams' Motion is untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Sams seems to assert that the United States Supreme Court's decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), provides a new statute of limitations event pursuant to 28 U.S.C. § 2255(f)(3). Sams simply

2

declares that Alleyne announces a newly recognized right which should be declared retroactively applicable. (Doc. No. 5, p. 2). Such a declaration is without merit. The Supreme Court did not declare that the new rule in Alleyne is retroactive on collateral review, nor is it likely to do so. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in Alleyne has not been made retroactively applicable on collateral review, and Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), which itself is not retroactive, which indicates that Alleyne will not be made retroactively applicable); accord, In re Payne, ___ F.3d ___, 2013 WL 5200425, at * 1–2 (10th Cir. Sept. 17, 2013).[1] Accordingly, Alleyne does not save Sams' untimely section 2255 motion, and the appropriate statute of limitations period is not found in section 2255(f)(3).

Sams does not assert that he was prevented from making a motion earlier or that his motion is based on newly discovered facts. 28 U.S.C. §§ 2255(f)(2)&(4). Thus, the applicable limitations period began when his conviction became final. 28 U.S.C. § 2255(f)(1). Sams was sentenced on March 14, 2011, and judgment was entered on March 18, 2011. (CR209-49, Doc. Nos. 242, 244). Sams filed an appeal, and the Eleventh Circuit issued its opinion on November 14, 2011. (CR209-49, Doc. No. 274). Sams had 90 days to file a petition for writ of certiorari with the United States Supreme Court, or until February 12, 2012. SUP. CT. R. 13.3 (the time to file a petition for writ of certiorari runs from the date of the entry of judgment or order sought to be reviewed, not the issuance date of the mandate). Sams failed to file a petition with the Supreme Court, and thus, his conviction became final on February 12, 2012. Accordingly, Sams

---

[1] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury. Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

AO 72A
(Rev. 8/82)

had until on or before February 12, 2013, to file a timely section 2255 motion. Sams executed his § 2255 motion on August 9, 2013, and mailed it on the same date; it was filed in this Court on August 19, 2013. (Doc. No. 1, p. 13). Sams did not timely file his motion under § 2255(f)(1), as his motion was filed more than six (6) months after the applicable statute of limitations period expired.

The undersigned notes that Sams filed a motion for sentence modification pursuant to 18 U.S.C. § 3582 on October 16, 2012, which was denied by Order dated October 25, 2012. (CR209-49, Doc. Nos. 282, 283). However, the filing of this motion would not reset the clock for statute of limitations purposes. Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011) (joining four other Circuits and noting that a defendant's original judgment of conviction remains the final judgment for statute of limitations purposes, even if the sentence was modified or reduced).

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the United States of America's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Sams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this __18th__ day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)